DYK, Circuit Judge,
concurring.
I join the majority opinion with the exception of Part I.A. of the discussion, which addresses the inflation-input limitation in claims 9 and 12 of the '726 patent. While I agree with the majority that the district court did not err in construing the term or in excluding evidence concerning that limitation, my understanding of the defendants’ argument is somewhat different than the majority’s, and my reasons for rejecting the argument are necessarily different as well.
In my view, defendants’ primary complaint is that during the trial the district court improperly sustained Aero’s objection to testimony offered by defendants that the inflation input was the end of the coupling that is most distal from the interi- or of the inflatable body, i.e., the top of the tall cylinder in the accused device, depicted in the majority opinion. The district court ruled that this testimony was inconsistent with the district court’s claim construction of the claim term “inflation input.” Defendants correctly point out that such testimony was not inconsistent with the formal definition adopted by the district court (and to which they did not object), defining the term “inflation input” as the point “where air enters the passageway.” The majority appears to approve of this limited claim construction. Maj. Op. at 1011. However, the claim construction order elaborated on the definition, and the proffered testimony was inconsistent with this elaborated definition. The order explicitly rejected the defendants’ argument that the claim 9 “inflation input” in the accused device was the top of the tall cylinder, on the ground that the top of the tall cylinder was not “contiguous” to the flared end as the language of claim 9 requires.
I agree with the district court’s construction of claim 9 that the inflation input is not the end of the coupling that is the most distal from the interior (i.e., the top of the tall cylinder in the accused device). Claim 9 provides that the “coupling ha[s] *1021 an open end defining the inflation input and a flared end, contiguous therewith.” Id., col. 11, 11. 5-7 (emphasis added). As the district court held (quoting in part from the defendants’ brief), “it can be seen that the ‘generally circular coupling’ [in the accused device] consists of the structure between the [top of the tall cylinder] and the flared end. If a structure is between the [top of the tall cylinder] and the flared end, then these two pieces cannot be contiguous.” J.A. 133 (internal quotation marks omitted). Thus, I see no error in this construction of the term as it appears in claim 9, nor in the district court’s determination that the “inflation input” could not be the top of the tall cylinder in the accused device under the district court’s claim construction. Both parties assume that the term “inflation input” has the same meaning in claim 12.
The district court’s claim construction did not prevent defendants from otherwise arguing that the accused device did not satisfy the claim limitations. Thus, defendants could have argued that the top of the short cylinder cannot be an inflation input because claims 9 and 12 of the '726 patent require that the valve for controlling the transfer of air be “disposed between the interior [of the inflatable body] and the inflation input.”
I see no error in the district court’s construction of the term “inflation input,” nor in its evidentiary ruling.